UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>SERGEANT TORRES,<br><br>          Defendant. | **Case No.: 1:19-cv-01171 JLT (PC)**<br><br>**ORDER TO ASSIGN DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE REQUIRED TO PRE-PAY THE FILING FEE BEFORE PROCEEDING WITH THIS ACTION**<br><br>**(Doc. 1)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner who brings this action against a governmental employee who is accused of violating plaintiff's constitutional rights. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff's claim arose while he was incarcerated at California State Prison in Corcoran, California. He names a single defendant in this damages action: Sergeant Torres.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff is vision-impaired and refuses to attend "school" because he cannot see small print. Sergeant Torres has conducted a search of his cell twice in one week, taking plaintiff's personal property, to include two 16 oz tumbler cups.[1]

////

---

[1] It is unclear how plaintiff's vision impairment is related to Sergeant Torres's conduct.

**III. Discussion**

**A. Legal Standard**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B. Analysis**

Plaintiff has neither paid the filing fee for this action nor requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:

(1) Ripple and Harris v. Gomez, Case No. 1:96-cv-05284-REC-SMS (E.D. Cal.) (dismissed on April 30, 1996, as frivolous);

(2) Harris v. Ripple, Case No. 1:97-cv-05186-REC-HGB (E.D. Cal.) (dismissed on July 30, 2017, as frivolous);

(3) Harris v. Coyle, Case No. 1:97-cv-05508-AWI-DLB (E.D. Cal.) (dismissed on January 21, 1999, as frivolous, malicious, and failure to state a claim);

(4) Harris v. Glass, Case No. 2:00-cv-00937-DFL-DAD (E.D. Cal.) (dismissed on August 17, 2000, for failure to state a claim);

(5) Harris v. Edmonds, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.) (dismissed on November 27, 2000, for failure to state a claim);

(6) <u>Harris v. Edmonds</u>, Case No. 1:00-cv-07160-REC-SMS (E.D. Cal.) (dismissed on May 28, 2012 for failure to state a claim); and

(7) <u>Harris v. Pliler</u>, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.) (dismissed on March 15, 2012, for failure to state a claim).

Therefore, Plaintiff is not entitled to proceed in forma pauperis, even had he filed a motion to do so. In acknowledgement of his three-strike status, plaintiff contends that his allegations regarding the confiscation of his personal property fall within the imminent danger exception. This exception, which would allow him to proceed in this action without prepayment of the filing fee, requires plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on July 26, 2019. <u>Andrews</u>, 493 F.3d at 1053-1056. Conditions which posed imminent danger to plaintiff at some earlier time are immaterial, as are any subsequent conditions. <u>Id.</u> at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. <u>Id.</u> at 1055.

The Court finds that plaintiff's complaint allegations do not meet the imminent danger exception. <u>Andrews</u>, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury. Rather, plaintiff contends that some of his personal property, to include two 16ox tumblers, were confiscated by Sergeant Torres. Plaintiff's factual allegations do not allege imminent danger of serious physical injury. Accordingly, plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

**IV. Conclusion**

Based on the foregoing, the Court ORDERS the Clerk of Court to assign a District Judge to this action; and

The Court RECOMMENDS that plaintiff be required to pay the $400 filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with

4

the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 3, 2020**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE